### KUKLISH v. WOHLEBEN.

BILLS AND NOTES—JOINT TENANCY—DEATH OF SPOUSE—CANCELLA-
TION BY WILL OF DECEDENT.
    Title to promissory notes, payable to husband and wife, passes
    to the survivor upon the death of a spouse, the notes are no
    part of the estate of the deceased spouse, and hence, are not
    subject to cancellation by the will of the deceased, irrespective
    of from which of the payees the consideration had moved (CL
    1948, § 557.151).

Appeal from Genesee; Roth (Stephen J.), J.  Submitted June 6, 1957.  (Docket No. 28, Calendar No. 47,199.)  Decided July 31, 1957.

Action by Augusta Kuklish against Eric Wohleben and Anna M. Wohleben on 2 promissory notes. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Winegarden & Booth,* for plaintiff.

*Joseph & Joseph* and *Frank L. Talkow,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur, Executors and Administrators § 181 *et seq.*

Kelly, J.   Defendants signed and executed their promissory note in the amount of $1,000, bearing date May 5, 1947, and on August 19, 1947, defendant Eric Wohleben signed and executed another promissory note in the amount of $1,000, both notes being payable to the order of Alex or Augusta Kuklish, 1 year after date.

At the dates of execution of said notes Alex and Augusta Kuklish were husband and wife, and remained so until Alex's death on March 15, 1955.

On September 12, 1955, plaintiff filed her declaration claiming judgment for the amount due for principal and interest on said notes.

Defendants filed special defense, as follows:

"The defendants will plead and insist in their defense that Alex Kuklish made a will during his lifetime, which will is on file in the probate court for the county of Genesee, and under the terms of said will canceled the indebtedness herein stated, and by virtue of said cancellation, and by virtue of the law in such case made and provided, the defendants insist that the plaintiff is entitled to nothing, and ask that the same may be dismissed, with costs to be taxed in their favor."

Alex Kuklish's will, signed and witnessed on February 23, 1955, referred to in the above special defense, provided:

"First, I will and direct that all my just debts and funeral expenses be paid in full.

"Second, I give, devise and bequeath to my daughter, Anna M. Wohleben and my son-in-law Eric Wohleben the following:   Two notes held by me in the sum of One Thousand Dollars each.   Said notes shall be cancelled and fully discharged in the event of my death.

"(3) All the rest of my estate be the same real or personal shall be divided equally between my daugh-

ter Anna M. Wohleben and my wife Augusta Kuklish."

The attorneys for the parties involved stipulated and agreed that 1 suit should be brought on both promissory notes and that in the event judgment was obtained by plaintiff, the judgment should be entered against both defendants in the full amount thereof.

Summary judgment against both defendants was entered January 16, 1956, for the amount due on the principal of said notes, plus interest, by the Honorable Stephen J. Roth, circuit judge for Genesee county.

Appellee contends that said summary judgment was properly granted under CL 1948, § 557.151 (Stat Ann 1957 Rev § 26.211), which provides:

"All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as indorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this State, with full right of ownership by survivorship in case of the death of either."

Appellants contend:

"The will of Alex Kuklish clearly demonstrated that he intended a gift of the money to defendants, or a forgiveness of the indebtedness."

Appellants state that in the absence of a like Michigan case, they desire this Court to consider the case of *Pile* v. *Pile*, 74 Tenn 508 (40 Am Rep 50), dealing with a comparable state of facts as herein presented,

where the Tennessee court held the wife could not recover because her husband's will disclosed that others beside her should have the notes or proceeds. This decision, however, was reversed by the Tennessee supreme court in *Smith* v. *Haire,* 133 Tenn 343, 352, 353, 357 (181 SW 161, Ann Cas 1916D, 529), wherein the court overruled its previous decision, and stated:

"Can a husband who fails to reduce his wife's chose in action to possession during coverture dispose of such property by will and defeat her right of survivorship? We think not, and this we are forced to say, although such conclusion conflicts with a previous expression by this court.  *  *  *

"It thus seems that, upon reason and authority, *Pile* v. *Pile* on this point must be overruled. The will of the husband was not effective to cut off Mrs. Haire's right of survivorship in these certificates of deposit, which we have held to be joint choses."

The pleadings in this case raised no question of fact, and the trial court was not in error in entering a summary judgment and holding, under the Michigan statute above set forth, that "when one of the joint payees of a bill or note dies, title to the instrument passes to the surviving payee, to the exclusion of the representatives of the deceased. The cancellation provision of the will of the decedent Alex Kuklish was therefore of no force or effect, title to the instrument having passed completely to his wife, Augusta Kuklish, upon his death, and this is true regardless of from which of the 2 payees the consideration moved."

Judgment affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.