THEISEN *v.* THEISEN

BILLS AND NOTES—CANCELLATION OF INSTRUMENTS.

> Title to checks, payable to husband and wife, passes to the survivor upon the death of a spouse, the checks are not part of the estate of the deceased spouse, and hence, are not subject to cancellation by the will of the deceased (MCLA § 557.151).

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 October 12, 1970, at Detroit. (Docket No. 8,075.) Decided October 26, 1970.

Complaint by Leon J. Theisen, executor of the estate of Roman M. Theisen, against Mary B. Theisen to determine the ownership of monies paid on a land contract. Declaratory judgment for defendant. Plaintiff appeals. Affirmed.

*Nelson S. Shaperd,* for plaintiff.

*John L. Kadela* and *Richard C. Tripp,* for defendant.

Before: J. H. GILLIS, P. J., and DANHOF and MAHINSKE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCES FOR POINTS IN HEADNOTE
12 Am Jur 2d, Bills and Notes § 1188.
13 Am Jur 2d, Cancellation of Instruments §§ 5, 48.

PER CURIAM. This is an appeal from a declaratory judgment granted by the trial court in favor of defendant. The sole question presented is the ownership of monies paid on a land contract.

Plaintiff's decedent owned real property in his own name as survivor of himself and his first wife. He married defendant who survived him. During this marriage, plaintiff's decedent and the defendant jointly executed a land contract on the property as vendors. The vendees, in order to secure a deed, paid off the contract in two checks payable to plaintiff's decedent and defendant on March 29, 1968. On April 1, 1968, plaintiff's decedent died without having endorsed the checks.

The widow elected to take against the will, thereby taking a dower interest of one-third of the estate subject to the statute[1] rather than one-fourth under the will.

In issue is the construction of MCLA § 557.151 (Stat Ann 1957 Rev § 26.211):

"All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this state, with full right of ownership by survivorship in case of the death of either".

Under the facts of this case, *Kuklish* v. *Wohleben* (1957), 349 Mich 24, is controlling. There title to promissory notes payable to husband and wife passed to the survivor upon the death of one spouse.

---

[1] MCLA § 558.1 (Stat Ann 1957 Rev § 26.221).

The notes were held not to be a part of the estate of the deceased person and, therefore, were not subject to cancellation by the will of the deceased. The trial court was affirmed in his opinion that:

"[W]hen one of the joint payees of a bill or note dies, title to the instrument passes to the surviving payee, to the exclusion of the representatives of the deceased  *  *  *  and this is true regardless of from which of the 2 payees the consideration moved".

The checks in this case are controlled by the statute since they are evidence of indebtedness made payable to persons who were husband and wife.

Affirmed. Costs to appellee.